States v. Yahya Ibrahim Thank you Judith Meisner representing Mr. Ibrahim. May I reserve two minutes for rebuttal? You may. The Supreme Court in Henderson construed the delay resulting from any pre-trial motion under 3161H1D, and in the course of deciding that delay was not limited to reasonable delay, it discussed two different types of motions, motions that required a hearing and motions that required no hearing. And this question is an important one because if no hearing is required, then the time excludable under the Speedy Trial Act is limited to 30 days after the motions have been filed and the case is under advisement. If a hearing is required, then any time from the filing of the motion through the hearing, whether reasonable or not, as the court said in Henderson, is excludable. In this case, we had a motion to dismiss a SORNA violation alleging that the SORNA statute was unconstitutional. In the first paragraph of that motion, trial counsel said, I recognize that the Court of Appeals, this court, has already decided these issues that I'm raising. They're not factual issues, they're legal issues. I realize the First Circuit has decided them. I am raising them to preserve it for further review. There was no request for a hearing and under Local Rule 7, if a hearing is required, it has to be requested. The government filed an opposition saying that the district court can do nothing but deny the government's motion because the defendant was correct. The First Circuit has ruled on these issues and the district court is bound by them. Again, the government did not request a hearing. The case then sat. That was in February of 2014. Nothing happened. In October of 2014, defense counsel sent an email to the district court's clerk asking when a ruling could be expected. And the case sat still. It was not until December when defense counsel filed a motion to dismiss for a violation of the Speedy Trial Act. May I ask, I'm trying to figure out the incentives here, why did defense counsel wait until December to file? Your client is in custody on these charges. His interest is in getting out. You've taken the position in this court that no hearing was required and therefore the Speedy Trial Act clock was still ticking away. Why didn't you move as soon as the Speedy Trial Act clock had ticked to the 70 days? Well, there's nothing in the record. I understand that you're objecting to what the court did, but it seems to me you had incentives to bring this earlier. There may have been incentives. There may have been countervailing factors. I don't have the answer to that question because I was not trial counsel. And there's nothing in the record to explain that. But the question is what did the court do in terms of whether there was a violation of the Speedy Trial Act. Ms. Meisner, let me see if I can switch the emphasis here a little. There's some suggestion in the case law that our view of whether a motion requires a hearing should be categorical. That is, it should depend on the type of motion. Administrative and scheduling type motions don't require a hearing. Substantive motions are deemed to require a hearing. That is, motions to suppress, motions to dismiss, etc. Why shouldn't we apply that rule here? I don't think that this court has set a categorical rule. No, we haven't, but the case law applies that. I mean, I've been unable to find any case involving a substantive motion. That is, a motion to dismiss, a motion to suppress, something of the sort, in which this court or any other court of appeals has said that a hearing isn't required. I think it depends on what the motion is raising. Most motions to suppress or to dismiss involve issues that require some factual determinations. And this motion did not. And I think that that makes a difference. I don't think that a categorical approach is appropriate. I think it has to be, it should be a case-by-case. Well, but you see where that takes you. That means that that gets us into a situation where two defendants who file identical motions before two different district judges may get different answers as to whether a hearing is required, depending on the preference and practice of the individual judge. And that seems to me a rather disorganized way to approach speedy trial act problems. Well, perhaps the determination of whether a hearing is required should be looked at as an objective question, not whether the district court had a particular practice of doing things one way or another. And I would suggest that in a, looking at this case objectively, that a hearing was not required because the court could do nothing but deny the motion, as it ultimately came around to saying when it held the hearing on the motion to dismiss. But, you know, the argument for an objective standard cuts both ways here. One of the ways you have just articulated, they couldn't do anything. That objectively could be concluded. The other way is to say the clearest way to get an objective standard that is going to be followed the same way by two or more judges in the same situation is a categorical approach. And why should we sort of prefer your version of objectivity as opposed to Judge Selya's categorical approach, which has certainly a broad compass? Well, I guess the question is whether looking at the purposes of the Speedy Trial Act, which are to protect both the defendant and the public's right in speedy disposition, whether dividing, a dividing line that says substantive motions, regardless of their nature, will be deemed to require a hearing, whereas procedural motions will not, is not perhaps the best way of addressing those interests. If I filed a motion to. Continue. Thank you, Your Honor. If I filed a motion to dismiss saying that the indictment should be dismissed on due process grounds because the grand jury did not find proof beyond a reasonable doubt, it's a motion to dismiss, but should that require a hearing? And so I think that if there's going to be a categorical approach, perhaps it needs to have different categories than simply procedural and substantive. Thank you. May it please the Court, Jennifer Serafin for the United States. You're having a busy morning. At the hearing. And you get the same question I just posed to Ms. Meisner. The government also has an interest in avoiding Speedy Trial Act motions, and yet you didn't try to get a resolution of this motion, nor did you try to move anything along. Your Honor, there isn't anything in the record about any efforts that either counsel made to do that. I think probably the better course of action would have been for one or both of the parties to try to get the time excluded promptly, to bring it to the judge's attention more promptly. There was an approximately 10-month delay in this case. And then he sentenced to time served. It so happened that the amount of time that Mr. Ibrahim had already served coincided with the low end of the guidelines. So this is a situation where, luckily, the timing was consistent. But there are other cases where the time in which the alleged Speedy Trial Act violation came to the court's attention was much longer. For example, in Salamanu, it took two years for the defendant to raise a Speedy Trial Act motion. And even after the defendant made that motion, it took another six months for the court to schedule a hearing on the initial motion. In that case, I think it was a motion to reconsider. It's a sort of odd argument. There are cases that are worse than this one that have survived, so this one should survive. Can you go to Judge Selya's questions about should we have an objective standard, and if so, is substantive procedural the correct dividing line? Yes, Your Honor, but first I just want to mention that I was only making that argument about the two years to show that the issue of subterfuge and whether there is subterfuge, first of all, that hasn't been alleged in this case. But in other cases, the time has been much longer. As to Judge Selya's question, I'm not sure that there should be a categorical approach and that there should be those bright lines. As far as I can tell, the only case in which this court has said that a specific type of motion need not have a hearing is in Barnes. And in that case, this court said that for motions that request mere administrative things, such as scheduling a date, those types of motions typically wouldn't require a hearing and should be dealt with within 30 days. In this case, it is true that this court's precedent foreclosed the decision for Judge Wolf, but he could have developed factual issues or factual matters. That's essentially how case law evolves, right? Creative defense counsel bring up new facts and try to push the court to apply the law to a different set of facts. If they had asked for a hearing, I would consider that at least opening the door to your argument. But the government, but neither side, as you know, asked for any hearing here, so presumably the parties had no intention of plowing any new ground. I'm not sure that's right, Your Honor, because although Rule 7.1 suggests that the parties ask for a hearing when they want a hearing, that issue is not dispositive. It's really up to the district court judge to decide if a hearing needs to be held. So just because the parties didn't specifically request a hearing doesn't mean that that decides the issue. In this case, for example, neither party – I wouldn't go too far in defending the argument you made. Nobody asked for factual development. In fact, they said we're simply preserving the issue for the Supreme Court. That's true, Your Honor, but that doesn't mean that facts couldn't have come to light. How do facts come to light? There was no evidence to be taken. Neither party indicated they wanted to present witnesses. So a motion to dismiss is typically resolved on the papers. That's true, Your Honor, but conceivably there could have been something that came up. Otherwise, I think where this court would need to go is this court would then need to say that in any case where the issue or the motion is made solely for preservation purposes, then a hearing is not required. But it's within the court's discretion to determine. You're suggesting that when Judge Wolf said, sometimes I'd like to comment on the First Circuit law, that the only possible reason he would have for doing it is factual variation? I don't think Judge Wolf meant that when he wrote that. I don't think that's the only reason, Your Honor. I just meant that some factual development is another possible reason. Yes, but he didn't rely on that. And it's sort of unseemly for the government to be doing that when there's no indicia that that was what was at issue here. I don't think that was at issue at the hearing. I'm suggesting that it could be at issue in other cases, which is why it shouldn't be up to this court to decide whether a hearing is required. And that's all that I'm suggesting, that it's within the district court's discretion. And here, Judge Wolf... So this is a matter of the district court's discretion. Take that to its next step so that this motion, if it were before a district judge whose views were somewhat different than Judge Wolf's, could have found the speedy trial act violation because she thought that no hearing was required. So you get two defendants, identical motions, parallel cases, get different results because of the happenstance that one is before Judge Wolf and one is before Judge Axe. I think that a judge could have found that this motion could have been decided on the papers. So the answer to my question is yes, that the law is that vagarious, that you have no predictability. You can get completely different results depending on the preferences of the individual judge. I don't think there's no predictability. Again, we're talking about a motion to dismiss. It's a substantive motion. It's not the kind of motion in Barnes that was simply asking the court... I know that, but you've just said that it's a matter of discretion as to whether the motion requires a hearing. I'm questioning that proposition. Well, because then this court gets to review that discretion and determine whether the discretion was abused. And here, Judge Wolf said that it was his regular practice to hold hearings on substantive motions, especially motions raising constitutional issues. And this court found that where it's a court's regular practice to hold hearings on motions, that that is tantamount to a hearing being required. But don't you simply run into the wording, to begin with, of the local rule? Local rule didn't say required by the judge. It said required, which suggests something other than if the trial judge decides about the running of the time. Isn't it difficult to read the rule the way you want us to? I'm sorry, Your Honor. When you say the rule, are you referring to the Speedy Trial Act? No, the MAS rule. The provision in the Massachusetts plan. Oh. I think the word necessary in the Massachusetts plan really just means that a hearing is held. It doesn't mean that the hearing is required. Then why didn't it say so? Why didn't it say if there's a hearing instead of getting into the concept of what is necessary? I think when you look at the plan, Your Honor, and you look at the plain language of the Speedy Trial Act, if you look at the plan, it's adding a word that does not appear within the plain language of the Speedy Trial Act. And that simply is inconsistent with the act. So is the rule invalid, or does the rule impose its own set of obligations? I don't think the rule is invalid. I'm just saying that – Well, assume there was a violation, then, of the local rule. Therefore what? I'm sorry, Your Honor. Assume there was a violation? Of the local rule, but not necessarily the statute. What status does the local rule have? Well, I think in this context the local rule is inconsistent, or the plan for the prompt disposition of cases is inconsistent with the Speedy Trial Act. Well, it goes beyond the Speedy Trial Act by its specificity, but isn't it a kind of sensible – we may have arguments about the scope of necessity, but isn't some necessity standard a pretty sensible way of achieving the objective which the Speedy Trial Act wants to achieve? May I answer the question, Your Honor? Yes, you may. The Speedy Trial Act doesn't use the word required, but to the extent that this court, either based on the plan or something else, is going to read that word into the statute, it is within the district court's judge's sound discretion to determine whether a hearing is required. And this court's only role is to review the district court's decision for an abuse of discretion. And because this was Judge Wolf's regular practice to hold hearings, he did not abuse his discretion in doing so in this case. Thank you, counsel. Thank you, Your Honor. I don't believe that the local rule, the local plan, is inconsistent with the Speedy Trial Act. First of all, as construed in Henderson, the court has made a distinction between required and not required. Secondly, these plans are developed in accordance with provisions of the Speedy Trial Act, 3165 and 3166, and are approved by the judicial conference. So put another way, necessary, as that word is used in the plan, is, in your view, synonymous or congruent with required as the Supreme Court used it in Henderson? Yes, Your Honor. Okay. And while it is up to the district court to make an initial determination of whether a hearing is required, if that is done under an objective standard, it is up then to this court, should there be a question about the propriety of the district court's finding or conclusion of law, that this court would then resolve those differences, as it does with any kind of difference about how you apply the Fourth Amendment, for example. But what would be the basis here to find an abuse of discretion? Is it that there was no action for 10 months when all that was needed was a signature motion denied that could have been entered many months earlier? Is it the nature of the setting that because this court had already decided the issues, whether or not Judge Wolff wanted to comment on our cases, it was not necessary for him to comment on our cases in order to resolve the issue? Go ahead. Thank you. I think that whether a hearing is required, to determine whether a hearing is required, you look at the nature of the motion, the relief requested, and the facts and circumstances surrounding that motion. What is necessary? What is needed to resolve the issue? Because the purpose of filing the motion is to get an answer. It's being filed to resolve an issue. So the question is, is a hearing under the facts and circumstances of that particular case necessary or required to reach a resolution of the issue, or is it not? Thank you.